FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

2018 OCT 24  PM 12: 33

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                              CRIMINAL NO. 4:18cr-26-M

KARLA KING                                                  DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, KARLA KING, and her attorney, John Caudill, have agreed upon the following:

1.      Defendant agrees to waive Indictment by the grand jury and to plead guilty to a felony Information which will be filed against defendant by the United States Attorney for the Western District of Kentucky.  That information will charge defendant with a violation of Title 18, United States Code, Section 1343.  Defendant further acknowledges that the Information in this case seeks forfeiture pursuant to Title 18, United States Code, Section 1343.

2.      Defendant has read the charges against her contained in the Information, and those charges have been fully explained to her by her attorney.  Defendant fully understands the nature and elements of the crimes with which she has been charged.

3.      Defendant will enter a voluntary plea of guilty in this case.  Defendant will plead guilty because she is in fact guilty of the charge.  The parties agree to the following factual basis for this plea:

On or about June 2013, and continuing to on or about January 2015, in the Western District of Kentucky, Daviess County, Kentucky, and elsewhere, the defendant, KARLA KING devised a scheme and artifice to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme, caused signs, signals, and sounds to be transmitted by means of wire communication in interstate commerce: to wit, KARLA KING, caused fax transmissions containing false and fraudulent information to be sent from Owensboro, Kentucky, to Ooltewah, Tennessee in order to fraudulently obtain goods, with the total amount of goods obtained being approximately $20,000. Specifically, on November 5, 2013, she faxed false and fraudulent forms to obtain goods, resulting in an interstate wire communication from Owensboro, Kentucky, to offices in Ooltewah, Tennessee.

4.     Defendant understands that the charge to which she will plead guilty carries a maximum term of imprisonment of 20 years, a maximum fine of $250,000, and a 3 year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charge to which she will plead guilty she may be ordered to forfeit all property constituting, or derived from, proceeds defendant obtained, directly or indirectly, as a result of the violations alleged in Count 1 of this Indictment.

5.     Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that she will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6.     Defendant understands that by pleading guilty, she surrenders certain rights set forth below. Defendant's attorney has explained those rights to her and the consequences of her waiver of those rights, including the following:

A.     If defendant persists in a plea of not guilty to the charge against her, she has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury

2

would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

     B.     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

     C.     At a trial, defendant would have a privilege against self-incrimination and she could decline to testify, without any inference of guilt being drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

     7.     Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Information counts to which she pleads guilty.

     8.     Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct, and is not limited to the counts of conviction. The parties agree that the restitution shall be ordered due and payable on the date of sentencing. Defendant

agrees that any payment schedule imposed by the Court is without prejudice to the United States to take all actions available to it to collect the full amount of the restitution at any time. Restitution payments shall be made payable to the U.S. District Court Clerk at Gene Snyder Courthouse, 601 W. Broadway, Louisville, KY 40202.

Defendant agrees that not later than 45 days from entry of the Plea Agreement, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's assets/financial interests. Defendant authorizes the United States to run credit bureau reports prior to sentencing, and Defendant will sign releases authorizing the United States to obtain Defendant's financial records. Defendant understands that these assets and financial interests include all assets and financial interests in which Defendant has an interest, direct or indirect, whether held in Defendant's own name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the date of the first offense, including the location of the assets and the identity of the third parties. Defendant agrees that the United States may share the contents of the reports and financial disclosures with the Court and U.S. Probation.

Defendant agrees to submit to a deposition in aid of collection at times and places that the United States directs. If the Defendant has a financial advisor or accountant, Defendant agrees, at her expense, to make them available to aid the United States in determining Defendant's net worth. Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property Defendant owns either individually or jointly. Defendant agrees to her name and debt being added to the Treasury Offset Program.

Upon execution of the Plea Agreement, Defendant agrees not to transfer, sell, or secrete any of Defendant's property, real or personal, held jointly, individually or by nominee/third

party, valued at $5,000 or more without first advising the United States not less than 10 days

before the proposed sale or transfer. Defendant agrees that failure to comply with any of the

provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant

agrees that the United States is relieved of its obligations under this Agreement and/or may not

move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional

level, and may in its discretion argue to the Court that the Defendant should not receive a two-

level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)  However, the

Defendant may not withdraw her guilty plea because of her breach.

9.      Defendant acknowledges liability for the special assessment mandated by 18

U.S.C. § 3013 and will pay the assessment in the amount $100 to the United States District Court

Clerk's Office by the date of sentencing.

10.     At the time of sentencing, the United States will

-recommend a sentence of probation

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]

-recommend a reduction of up to 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.  Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw her plea.

-stipulate that the total amount of goods fraudulently obtained in this case is $20,000.

---

[1] The defendant acknowledges that she has read the Notice and Penalty Pages attached to the Information, and that she understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

11.     The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).  Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.  The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.  The defendant understands the Court will independently calculate the Guidelines at sentencing.

12.     Defendant is aware of her right to appeal her conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal her conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack her conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

13.     This Agreement is entered into by the United States on the basis of the express representation of defendant that she is making a full and complete disclosure of all assets over which she exercises control.

14.     Defendant agrees to the forfeiture of any interest she or her nominees may have in the following assets which she owns or over which she exercises control:  any and all property constituting, or derived from, proceeds defendant obtained, directly or indirectly, as a result of the violation alleged.

6

15.     Defendant agrees to a pre-plea investigation by the United States Marshal's Service for the purpose of assessing the value of each and every asset.  Defendant agrees to undergo a full debriefing in order to accomplish this end.

16.     Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Information.  Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Information based upon any pending or completed administrative or civil forfeiture actions.

17.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed.  The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

18.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense[s] covered by this Agreement.

19.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue

Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

21.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw her guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

22.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that she has informed the United States Attorney's Office and the Probation Officer, either directly or through her attorney, of all mitigating factors.  Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence.  If Defendant argues for any sentence other than the one to which she has agreed, she is in breach of this Agreement.  Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw her guilty plea because of her breach.

23.     This document states the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on

8

the record in Court.  No other promises or inducements have been or will be made to defendant

in connection with this case, nor have any predictions or threats been made in connection with

this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____                    10/24/18
Madison Sewell                                        Date
Assistant United States Attorney


        I have read this Agreement and carefully reviewed every part of it with my attorney.  I
fully understand it and I voluntarily agree to it.

_____                    10/24/18
Karla King                                            Date
Defendant


        I am the defendant's counsel.  I have carefully reviewed every part of this Agreement
with the defendant.  To my knowledge my client's decision to enter into this Agreement is an
informed and voluntary one.

_____                    10/24/18
John Caudill                                          Date
Counsel for Defendant


RMC:MTS